UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK EDWARDS PETERS, II,<br>Plaintiff,<br>v.<br>CDCR,<br>Defendant. | Case No. 2:26-cv-2445-TLN-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, brings this action alleging that defendant California Department of Corrections and Rehabilitation ("CDCR") violated his rights by maintaining an unlawful detainer against him. ECF No. 1 at 2. For the reasons stated below, this action appears to arise under habeas corpus and not, as plaintiff currently styles it, under section 1983. Accordingly, I will direct plaintiff to state whether he wishes to convert this action. I will also defer ruling on his application to proceed *in forma pauperis*, since the filing fee for a federal habeas action is different from a section 1983 action.

Screening Order

I. Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff alleges that defendant CDCR has violated his rights by maintaining a detainer against him under California law, despite the state sentencing court's order that no such detainer issue. ECF No. 1 at 2. Such a claim arises under habeas corpus, not section 1983. *See White v. Uttecht*, NO. CV-10-5076-EFS, 2010 U.S. Dist. LEXIS 78555, *2 (E.D. Wash. Jul. 8, 2010) ("A prisoner confined in one state may challenge a detainer lodged against him and the legality of the charge on which it was based by means of a petition for federal habeas corpus in the district where the prisoner is confined and also in the district where the detainer was issued.").

Accordingly, plaintiff shall advise whether he wishes to convert this action into one for habeas corpus. I will direct that he be sent the appropriate form for such an action. If he chooses to stand by his decision to pursue this action as one arising under section 1983, he may so advise the court in writing. Such a decision will result in findings and recommendations that this action be dismissed.

Accordingly, it is ORDERED that:

1. Within thirty days, plaintiff shall advise whether he wishes to convert this action into one for habeas corpus, or maintain it as one under section 1983.

2. The Clerk of Court shall send plaintiff a habeas corpus form with this order.

3. I will defer ruling on plaintiff's *in forma pauperis* status until after the type of action is settled.

IT IS SO ORDERED.

Dated: October 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE